IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION


**SHARON ADKINS,**

    **Plaintiff,**

**vs.**                                       **CASE NO. 1:07CV209-MP/AK**

**MICHAEL J. ASTRUE,**
**Commissioner of Social Security**

    **Defendant.**

_____/

## REPORT AND RECOMMENDATION

This action is brought pursuant to 42 U.S.C. § 405(g) of the Social Security Act (Act) for review of a final determination of the Commissioner of Social Security (Commissioner) denying Plaintiff's applications for disability insurance benefits (DIB) under Title II of the Act and for supplemental security income benefits (SSI) filed under Title XVI of the Act.

Upon review of the record, the Court concludes that the findings of fact and determinations of the Commissioner are supported by substantial evidence; thus, the decision of the Commissioner should be affirmed.

**A.**      **PROCEDURAL HISTORY**

Plaintiff filed an application for DIB and SSI on March 10, 2005, alleging a disability onset date of March 9, 2005, because of mental problems. Plaintiff petitioned for a hearing before an administrative law judge (ALJ), who conducted a hearing on

November 26, 2006, and entered an unfavorable decision on January 31, 2007. The Appeals Council denied Plaintiff's request for review, thus making the decision of the ALJ the final decision of the Commissioner. This action followed.

B.     **FINDINGS OF THE ALJ**

Initially, the ALJ found that no new evidence was presented to warrant reopening prior applications filed on October 7, 2003, and the only issues to be resolved were those raised in the most recent applications. Further, the ALJ found that she had severe impairments: obesity, diabetes, asthma, anxiety and bipolar disorder, but that these impairments did not meet the listing requirements either singly or in combination. Other impairments noted in the record, but considered not severe because they are controlled by medication are: bilateral carotid bruits, hypertension, reflux disease, and mild degenerative joint disease. The ALJ found that Plaintiff had the ability for work at a medium level, limited only by environmental conditions such as dust, fumes, and other bronchial irritants because of her asthma. Her obesity did not affect this finding since no physician had reported limitations from this condition. Likewise, her bipolar condition was stabilized with medication by her treating source and the consultative examiner concluded that she has no significant impairments. A mental status RFC similarly concluded only mild limitations resulted from her anxiety and depression (the significant feature of her bipolar disorder). Using the Medical Vocational Guidelines as a framework, the ALJ found that she was not disabled.

C.     **ISSUES PRESENTED**

Plaintiff argues that the ALJ erred in not calling a vocational expert because of Plaintiff's severe non-exertional mental impairments.

**No. 1:07CV209-MP/AK**

The government responds that the ALJ relied upon and referred to ample evidence in the record to support his finding that her mental issues did not significantly limit her ability to perform work at a medium level, except that it precluded her from work requiring more than simple, repetitive, and unskilled tasks. The ALJ based his finding that her subjective complaints of mental limitation were not entirely credible on the medical records and her reported daily activities such as taking care of her needs, playing computer games, and taking the bus for transportation which require a degree of concentration and focus that she claims not to have.

The issue thus presented is whether the Commissioner's decision that Claimant is not disabled is supported by substantial evidence in the record and decided by proper legal standards.

**D.    STANDARD OF REVIEW**

Title 42 U.S.C. § 405(g) sets forth the standard of review for this court. The Commissioner's decision must be affirmed if it is supported by substantial evidence and the correct legal standards have been applied. Graham v. Apfel, 129 F.3d 1420, 1422 (11th Cir. 1997). Findings of fact by the Commissioner which are supported by substantial evidence are conclusive. 42 U.S.C. § 405(g). Miles v. Chater, 84 F.3d 1397, 1400 (11th Cir. 1996). "Substantial evidence" has been defined to mean "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Foote v. Chater, 67 F.3d 1553, 1560 (11th Cir. 1995) (citation omitted) (per curiam). It is more than a scintilla, but less than a preponderance. Bloodsworth v. Heckler, 703

**No. 1:07CV209-MP/AK**

F.2d 1233, 1239 (11th Cir. 1983) (citations omitted).  The court may not reweigh the evidence or substitute its judgment for that of the Commissioner.  Wolfe v. Chater, 86 F.3d 1072, 1076 (11th Cir. 1996).  It must determine only if substantial evidence supports the findings of the Commissioner.  See Bridges v. Bowen, 815 F.2d 622, 624 (11th Cir. 1987) (per curiam).  Even if substantial evidence exists which is contrary to the Commissioner's findings, where there is substantially supportive evidence of the Commissioner's findings, the court cannot overturn them.  Barron v. Sullivan, 924 F.2d 227, 230 (11th Cir. 1991).  Unlike the deferential review accorded to the Commissioner's findings of fact, his conclusions of law are not presumed valid.  Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990) (citations omitted).  The Commissioner's failure to apply correct legal standards or to provide the reviewing court with an adequate basis for it to determine whether proper legal principles have been observed requires reversal.  Id. (citations omitted).

A disability is defined as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . ."  42 U.S.C. § 423(d)(1)(A).  To qualify as a disability the physical or mental impairment must be so severe that claimant is not only unable to do his previous work, "but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . ."  42 U.S.C. § 423(d)(2)(A).

**No. 1:07CV209-MP/AK**

Page 5 of 9

Pursuant to 20 C.F.R. § 404.1520(a)-(f), the Commissioner analyzes a claim in five steps:

1. Is the individual currently engaged in substantial gainful activity?

2. Does the individual have any severe impairment?

3. Does the individual have any severe impairments that meet or equal those listed in Appendix 1 of 20 C.F.R. Part 404?

4. Does the individual have any impairments which prevent past relevant work?

5. Do the individual's impairments prevent any other work?

A finding of disability or no disability at any step renders further evaluation unnecessary.  Plaintiff bears the burden of establishing a severe impairment that keeps him from performing his past work.  If Plaintiff establishes that his impairment keeps him from his past work, the burden shifts to the Commissioner at step five to show the existence of other jobs in the national economy which, given Plaintiff's impairments, Plaintiff can perform.  Chester v. Bowen, 792 F.2d 129, 131 (11th Cir. 1986); MacGregor v. Bowen, 786 F.2d 1050, 1052 (11th Cir. 1986).  If the Commissioner carries this burden, Plaintiff must prove that he cannot perform the work suggested by the Commissioner.  Hale v. Bowen, 831 F.2d 1007, 1011 (11th Cir. 1987).  It is within the district court's discretion to affirm, modify, or reverse a Commissioner's final decision with or without remand. 42 U.S.C. § 405(g); Myers v. Sullivan, 916 F.2d 659, 676 (11th Cir. 1990).

**No. 1:07CV209-MP/AK**

### E. SUMMARY OF CLAIMANT'S RELEVANT MEDICAL HISTORY

Treatment notes from Meridian Behavioral Healthcare show one admission after a suicide attempt with cutting of the arms following problems with a boyfriend. (R. 171-212). She was diagnosed with bipolar disorder, most recent episode depression, and prescribed medication. Her moods stabilized, she was released, and continued follow up care and prescription refill without incident.

Two consultative examinations were conducted, neither noted any serious limitations from any of her conditions. Dr. Adhami found her asthma, hypertension, and diabetes to be controlled without any complications, and Dr. Nazario found her to have a history of bipolar disorder for which she was under psychiatric care and medication. (R. 213-215). He found her able to concentrate and understand and follow directions with some difficulty interacting appropriately with others.

Several physical and mental functional assessments were done with the consensus that she could perform at a medium exertional level with environmental limitations because of her asthma and with only mild to moderate mental limitations limiting her to simple, repetitive tasks. (R. 217-220, 221-234, 235-242, 243-260, 261-265).

### F. SUMMARY OF THE ADMINISTRATIVE HEARING

Plaintiff appeared at the hearing with present counsel. (R. 282). She was 51 at the time of the hearing and had completed the twelfth grade. (R. 284). She attended one course at City College for word processing. (R. 285). She describes her condition

**No. 1:07CV209-MP/AK**

as having "blue, sad days" that made it hard to work and "deal with people."  (R. 288).  She was fired at her last job because of these difficulties, which she describes as not being friendly enough and being rude to customers.  (R. 294).  She experiences these "blue" days about 15 days out of a month.  (R. 289).  On these days she just lays around and watches t.v.  (R. 290).  She was "Baker Acted" one time for hurting herself and they kept her for a day and a half.  (R. 292).  She receives monthly mental health treatment now which lasts about 15 minutes during which she gets her medication.  (R. 287).  She visits with family and plays computer games.  (R. 294-295).

## G.  DISCUSSION

At step five the Commissioner may in certain cases rely upon the grids to carry his burden of proving that there are jobs which claimant can do despite his inability to perform his past relevant work.  The Eleventh Circuit has "recognized that the grids may be used in lieu of vocational testimony on specific jobs if none of claimant's nonexertional impairments are so severe as to prevent a full range of employment at the designated level."  Wolfe v. Chater, 86 F.3d at 1078, quoting Passopulos v. Sullivan, 976 F.2d 642, 648 (11th Cir. 1992).  See also Foote v. Chater, 67 F.3d 1553, 1558 (11th Cir. 1995).  "It is only when the claimant can clearly do unlimited types of [] work . . . that it is unnecessary to call a vocational expert to establish whether the claimant can perform work which exists in the national economy."  Allen v. Sullivan, 880 F.2d 1200, 1202 (11th Cir. 1989) (citation omitted).  Exclusive reliance upon the grids is not appropriate when claimant has a nonexertional impairment that significantly limits his

basic work activities.  <u>Swindle v. Sullivan</u>, 914 F.2d 222, 226 (11th Cir. 1990).  Where use of the grids is not appropriate, and the Commissioner has not made specific findings as to the availability of particular jobs that exist in substantial numbers in the national economy which the Claimant can do despite his limitations, the proper course is for the court to remand for such factfinding.  <u>Welch v. Bowen</u>, 854 F.2d 436, 439-440 (11th Cir. 1988).

There is no medical evidence in the record to support a finding that her mental condition is severe enough to preclude application of the grids.  She had one incident for which she was hospitalized for a day and a half, she has been on medication since that time without incident, and no treating source suggested that Plaintiff could not work because of any of her conditions or that she was otherwise restricted in any fashion.  Thus, there is substantial evidence in the record to support the ALJ's decision that no mental or physical limitations significantly limited her ability to perform the medium range of work, except as to limit her to simple, repetitive, unskilled work.  Under the guidelines, with someone of her age and education, this dictates a finding of "not disabled."

Accordingly, it is respectfully **RECOMMENDED**:

That the decision of the Commissioner denying benefits be **AFFIRMED**.

At Gainesville, Florida, this   **26**$^{th}$ day of February, 2009.

                                                <u>s/ A. KORNBLUM</u>
                                                **ALLAN KORNBLUM**
                                                **UNITED STATES MAGISTRATE JUDGE**

**No. 1:07CV209-MP/AK**

## NOTICE TO THE PARTIES

A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.

**No. 1:07CV209-MP/AK**