IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

SHARON E. ADKINS,

    Plaintiff,

v.                                    CASE NO. 1:07-cv-00209-MP-AK

MICHAEL J. ASTRUE,
Commissioner of Social Security,

    Defendant.

_____/

**O R D E R**

This matter is before the Court on Doc. 18, Report and Recommendation of the Magistrate Judge, which recommends that the decision of the Commissioner denying benefits be affirmed. The Magistrate issued the Report on February 26, 2009. Plaintiff filed an objection to the Report on March 13, 2009. Pursuant to 28 U.S.C. § 636(b)(1), the Court has completed a *de novo* review of those portions to which an objection has been made. For the reasons stated below, the Report and Recommendation will be adopted.

Plaintiff argues that it was error as a matter of law for the ALJ to apply the medical Vocational Guidelines grid, due to Plaintiff's mental health impairments. The Eleventh Circuit has held that "exclusive reliance on the grids is not appropriate either when [the] claimant is unable to perform a full range of work at a given residual functional level or when a claimant has non-exertional impairments that *significantly limit basic work skills*." Francis v. Heckler, 749

F.2d 1562, 1566 (11th Cir.1985) (emphasis added).  A non-exertional impairment "significantly limits basic work skills" if it "prohibit[s] a claimant from performing 'a wide range' of work at a given work level."  Phillips v. Barnhart, 357 F.3d 1232, 1242 (11th Cir. 2004) (quoting Foote v. Chater, 67 F.3d 1553, 1559 (11th Cir.1995) ("The ALJ must make a specific finding as to whether the nonexertional limitations are severe enough to preclude a wide range of employment at the given work capacity level indicated by the exertional limitations.")).  Therefore, if the ALJ specifically determines that a claimant's non-exertional limitations do not significantly limit his basic work skills at the given work level, then the ALJ may rely on the grids to determine whether the claimant is disabled.  Phillips, 357 F.3d at 1242.

Here, the ALJ determined that Plaintiff's non-exertional limitations were only mild to moderate.  Specifically, the ALJ found that Plaintiff was limited by her mental impairments to simple, repetitive, and unskilled tasks and determined that such limitations did not preclude Plaintiff from performing a wide range of employment at the medium exertional level.  After *de novo* review, the Court finds that, for the reasons stated in the Report, there is substantial evidence to support the ALJ's finding.  Therefore, it was not error for the ALJ to rely on the grids.  Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

The Report and Recommendation of the Magistrate Judge, Doc. 18, is ADOPTED and incorporated herein.  The decision of the Commissioner denying benefits is AFFIRMED.

**DONE AND ORDERED** this   _17th_ day of March, 2009

_s/Maurice M. Paul_
Maurice M. Paul, Senior District Judge
